# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PEARLINE JACKSON,

Plaintiff,

v.

THE STATE AND FEDERAL LAW ENFORCEMENT AGENCIES, et al.,

Defendants.

Case No.: 1:25-cv-00181-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

(ECF No. 11)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Pearline ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before this Court for screening. (ECF No. 11.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Patton State Hospital in Patton, California. Plaintiff alleges the events in the first amended complaint occurred while Plaintiff was housed at Central California Women's Facility ("CCWF"). Plaintiff names as defendants: (1) The State and Federal Law Enforcement Agencies, (2) California Department of Rehabilitation, (3) Social Security Administration ("SSA"), (4) The Federal and State Courts, (5) agents of the FBI, (6) agents of Homeland Security, (7) agents of CIA. Plaintiff alleges as follows.

In claim 1, as best the Court can determine, Plaintiff alleges a denial of medical and dental care and that all of her property has been stolen by staff and her appeals are all denied or rejected. Plaintiff alleges that SSA has stopped her pension money without notice, and the facility will not let Plaintiff contact them by phone to prove she is at the facility. They don't respond to letters. CCWF has refused to pull bad teeth or give Plaintiff a dental plate. Plaintiff alleges the agencies have been surveilling her and targeting her.

Plaintiff is being harassed, assaulted by other inmates and nothing has been done. Plaintiff has a 602 appeal from November and the person along with staff are still working and harassing

Plaintiff. Sgt Pack lied about it. She pushed Plaintiff once in the chow hall and she is still working. None of the inmates have ever been held accountable. Inmates and staff are using technology against her.

In claim 2, Plaintiff alleges they are denying Plaintiff access to the courts by charging Plaintiff for copies and giving Plaintiff bad copies of documents and not providing large envelopes or postage to mail to the courts. Plaintiff complains that all of her grievances are denied. False RVRs have been filed against her. The courts are in a conspiracy with CDCR. Plaintiff still has not received dental plates. Plaintiff alleges all of the defendants are acting as one entity and are weaponized. CDCR does not let Plaintiff contact SSA for the amounts on her debit card and SSA is not contacting her. The FBI and CIA are revising all of her files. RVRs are false and take over a year to hear. Plaintiff 602'ed the lack of pens and paper for indigent inmates and the library will not give pens and paper. Copies of documents are bad. Plaintiff complains about documents being returned to her from the court. Plaintiff complains about the length of time to get things to the court and to get stamps. Plaintiff complains about the restrictions on the number of pages she can mail.

Plaintiff states she is not seeking monetary damages. She is seeking criminal charges against all of the entities for crimes of theft, rape, attempted murder, violation of civil rights.

As Eighth Amendment violations, Plaintiff alleges denial of dental care, medical care for 4 years, something going on in her private area, waiting for a pair of glasses. Plaintiff was on a hunger strike for 18 days. Plaintiff wrote a 602 which was not acknowledged. Deputies removed food from her cell, and her clothes, and a fan. She did not get the property back.

Plaintiff was put in the hole and could not communicate with the court. Plaintiff asks for an injunction on investigations by the person being investigated. Plaintiff alleges that she has an upcoming parole date and they are holding her past her date.

Plaintiff complains the court is not doing enough to protect her and check that she is doing well.

## III. Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18, and 20,

fails to state a cognizable claim under 42 U.S.C. § 1983, and improperly joins claims.

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is not a plain statement of claims showing that she is entitled to relief.. Many of Plaintiff's allegations are conclusory and do not state what happened, when it happened, or which defendant was involved. The complaint is disjointed, unintelligible, vague, and conclusory. Plaintiff's vague and conclusory allegations provide no factual basis for this Court to draw a reasonable inference that the named defendants are liable for any misconduct alleged. Indeed, Plaintiff fails to name any individual who allegedly violated her rights. Further, Plaintiff improperly joins claims.

**Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which

permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action, and the allegations are unclear if the claims are properly joined. For instance, Plaintiff may not bring challenges to loss of property, denial of Social Security benefits, access to courts, medical care, and many other claims in a single lawsuit. These claims are not properly joined and must be brought in separate actions. Merely because Plaintiff was housed at CCWF when the incidents occurred does not make every injury or incident related. Plaintiff's amended complaint continues to join numerous and unrelated claims. As Plaintiff was informed, separate unrelated claims must be filed in separate lawsuits.

**Eleventh Amendment Immunity**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Plaintiff cannot pursue claims for damages or injunctive relief against the State, CDCR, or any state prison. Plaintiff has been unable to cure this deficiency.

In addition, Ninth Circuit has held that the Superior Court of the State of California has sovereign immunity as an arm of the state and, thus, is immune from suit in federal court under

the Eleventh Amendment. *Munoz v. Super. Ct. of Los Angeles Cnty*., 91 F.4th 977, 980 (9th Cir. 2024). Thus, the state courts and also state law enforcement agencies, as arms of the state, are immune.

**Under Color of State Law**

Section 1983 provides a means to bring a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a claim under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. *Long*, 442 F.3d at 1185.

To the extent Plaintiff brings a Section 1983 claim against the Social Security Administration, she cannot do so because the SSA is a federal agency, not an actor under state law. If Plaintiff wishes to file a claim with the SSA for denial of benefits, she is advised she must follow the appropriate SSA procedures.

In addition, Federal Law Enforcement Agencies and Federal Courts are not "persons" subject to liability under 42 U.S.C. § 1983.

***Bivens* claim**

A *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Rather, under *Bivens*, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. *See Bivens*, 403 U.S. at 397. There is no respondeat superior liability under *Bivens*. *Iqbal*, 556 U.S. at 676–77 ("In a § 1983 suit or a *Bivens* action . . . the term "supervisory liability" is a misnomer.") A government official is only liable for his or her own misconduct. *Id*.; *Starr v. Baca*, 652 F.3d 1202, 1205–08 (9th Cir. 2011), cert. denied, 566 U.S. 982 (2012); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010).

Because there is no vicarious liability in a *Bivens* claim, Plaintiff cannot maintain a claim against any federal agency under respondeat superior. *See Ward v. Nat'l R.R. Corp*., 2018 WL 2966962, at *2 (E.D. Cal. June 8, 2018).

In additions, it is impossible to tell what any individual, even if named as a defendant, did or did not do which violated her rights or even if a *Bivens* claim may extend to any wrongful conduct. The Supreme Court has made clear that "expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (citations omitted). Further, Plaintiff was informed that she must name individuals who she contends violated her rights. Plaintiff has been unable to cure this deficiency.

**Eighth Amendment - Failure to Protect**

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotation marks and citations omitted). "For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Then, the official must fail to take reasonable measures to abate the substantial risk of serious harm. *Id.* at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. *Id.* at 835.

Plaintiff's allegations are too conclusory to state a plausible claim. Regardless, this claim is improperly joined.

**Eighth Amendment - Denial of Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in

violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff broadly alleges, without tying any concrete actions to any specific individuals, that "Defendants" violated the Eighth Amendment by denying her dental medical needs. Plaintiff's conclusory allegations fails to state a claim. Further, this claim is improperly joined.

**Eighth Amendment - Verbal Harassment**

Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of

threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' " *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092). The factual allegations do not support a claim.

**Loss of Property**

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

**Processing Appeals**

Plaintiff is informed that she does not have a constitutionally protected right to have her appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *See also Givens v. Cal. Dep't of Corrs. & Rehab.*, No. 2:19-cv-0017

KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.") Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way. Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right. *See Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); Givens, 2019 WL 1438068, at *4; *Valles v. Gamboa*, No. 1:22-CV-00355 BAM PC, 2022 WL 1294424, at *3–4 (E.D. Cal. Apr. 29, 2022) (no claim for failure to comply with timely processing requirements).

**Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. In order to state a claim for the denial of court access, a prisoner must establish that she suffered an actual injury. *Id.* at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." *Id.* at 348; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis*, 518 U.S. at 353 & n.3); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011).

Here, Plaintiff has not identified a criminal appeal, habeas petition, or civil rights action connected to this claim. She also has not alleged any actual injury from any missed deadlines.

**Housing**

To the extent Plaintiff attempts to assert a claim for not being moved to a different institution, she fails to state a claim.

In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.); *accord King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May 21, 2021).

**Investigation**

To the extent Plaintiff is trying to hold anyone liable for an independent, unspecified constitutional violation based upon an allegedly inadequate investigation, there is no such claim. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome"); *Ellis v. Cty. of Kern*, No. 1:22-CV-00436 ADA BAM PC, 2023 WL 7005188, at *5 (E.D. Cal. Oct. 24, 2023), report and recommendation adopted, No. 1:22-CV-00436 NODJ BAM PC, 2023 WL 8934370 (E.D. Cal. Dec. 27, 2023) (stating no claim existed for Defendants failure to investigate Plaintiff's appeal regarding alleged excessive force and sexual assault).

**Injunctive Relief**

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

///

**IV. Conclusion and Recommendation**

For the reasons discussed, the Court finds that Plaintiff fails to comply with Federal Rules of Civil Procedure 8, 18, and 20 and fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in the first amended complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 21, 2025**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE